**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OXANE TAUB, "Gypsy"; GEORGE DAVIS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT, <br><br> Defendants-Appellees. | No. 15-16415 <br><br> D.C. No. 3:12-cv-05841-EMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted May 18, 2017[**]
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and OLIVER,[***] Chief District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Solomon Oliver, Jr., United States Chief District Judge for the Northern District of Ohio, sitting by designation.

Plaintiffs Oxane "Gypsy" Taub and George Davis (collectively, "Plaintiffs"), self-described body freedom advocates, appeal the dismissal of their claims under 42 U.S.C. § 1983 against the City and County of San Francisco and the San Francisco Police Department (collectively, "Defendants"). Plaintiffs allege that Defendants violated their First Amendment rights by enforcing San Francisco's public nudity ordinance, S.F., Cal., Police Code art. 2, § 154. We review de novo the district court's order granting Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Public nudity is not inherently expressive, but it may in some circumstances constitute expressive conduct protected under the First Amendment. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000) (O'Connor, J.) (plurality opinion). Even if Plaintiffs' public nudity at political rallies was entitled to First Amendment protection, however, we hold that the challenged ordinance is a valid, content-neutral regulation as applied to Plaintiffs' expressive conduct under *United States v. O'Brien*, 391 U.S. 367 (1968). *O'Brien* is the applicable test here because the ordinance is aimed at "the conduct itself, rather than at the message conveyed by that conduct." *United States v. Swisher*, 811 F.3d 299, 312 (9th Cir. 2016) (en banc).

The challenged ordinance satisfies each of the four *O'Brien* factors. *See O'Brien*, 391 U.S. at 377. First, restricting public nudity falls within San Francisco's traditional police powers. *Pap's A.M.*, 529 U.S. at 296 (O'Connor, J.) (plurality opinion). Second, the ordinance furthers San Francisco's important and substantial interests in protecting individuals "who are unwillingly or unexpectedly exposed" to public nudity and preventing "distractions, obstructions, and crowds that interfere with the safety and free flow of pedestrian and vehicular traffic." S.F., Cal., Police Code art. 2, § 154(a); *see also Pap's A.M.*, 529 U.S. at 296 (O'Connor, J.) (plurality opinion) (describing the governmental interest in regulating public nudity and its secondary effects as "undeniably important"); *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011, 1024 (9th Cir. 2009) (recognizing that cities have a substantial interest in "regulating streets to protect and insure the safety, comfort, or convenience of the public" (internal quotation marks omitted)). Third, San Francisco's interest is unrelated to the suppression of free expression, because the ordinance regulates public nudity whether or not it is expressive. *See Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 299 (1984). Fourth, "the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *O'Brien*, 391 U.S. at 377. The ordinance prohibits only exposure of one's "genitals, perineum, or anal region," during daily activities in the streets of

San Francisco, S.F., Cal., Police Code art. 2, § 154(b)–(c), which is essential to meet the City's goals of preventing distraction and offense to citizens not expecting to be confronted with such private parts of other persons' anatomy. *See O'Brien*, 391 U.S. at 377.

For these reasons, we find that the challenged ordinance is a valid restriction under the test set forth in *O'Brien*, and we affirm the district court's dismissal of Plaintiffs' claims arising out of Defendants' enforcement of the ordinance.

**2.** Plaintiffs' claim that the public nudity ordinance constitutes an unlawful prior restraint also fails. Assuming arguendo that Plaintiffs' nudity at Bay to Breakers and the Haight Street Fair in 2014 was expressive conduct, Plaintiffs were issued citations *after* their allegedly expressive conduct had already occurred. *See Alexander v. United States*, 509 U.S. 544, 550 (1993). Moreover, the procedural requirements imposed on prior restraints do not apply to "a content-neutral permit scheme regulating speech in a public forum," *Thomas v. Chi. Park Dist.*, 534 U.S. 316, 322 (2002), much less to a content-neutral ordinance aimed at conduct.

Nor did the Defendants' denials of (or failure to respond to) Plaintiffs' parade permit applications violate Plaintiffs' First Amendment rights. Although a content-neutral permit requirement may be invalid under the First Amendment if the ordinance "delegates overly broad discretion to the decisionmaker," *Forsyth*

*County v. Nationalist Movement*, 505 U.S. 123, 129 (1992), here the permitting ordinance "contain[s] adequate standards to guide [officials'] discretion," and Plaintiffs have not otherwise presented "evidence of a pattern of abuse" to suggest that the Defendants favored some permit applicants over others, *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1139–40 (9th Cir. 2004) (internal quotation mark omitted) (quoting *Thomas*, 534 U.S. at 323).

3.      The district court did not abuse its discretion in refusing to grant Plaintiffs leave to further amend their complaint.  Plaintiffs request leave to amend the Second Amended Complaint in order to plead additional facts relating to the expressiveness of their nude rallies and demonstrations.  Because we conclude that San Francisco's public nudity ordinance is a valid regulation under the *O'Brien* test, even if we assume that more of Plaintiffs' conduct was likely to communicate a message to those who saw it, Plaintiffs' complaint would not be saved through further amendment.

The district court's dismissal of Plaintiffs' complaint is AFFIRMED.  Each party shall bear their own costs of this appeal.

5